Dear Sheriff Foti:
You requested the opinion of this office concerning the authority of the Orleans Law Enforcement District (the "District") to authorize, with voter approval, general obligation bonds for the purpose of constructing and improving jail facilities owned by the Criminal Sheriff and the District, and also to fund the cost of certain improvements to buildings owned by the City of New Orleans, which house the Criminal Courts, the Juvenile Courts, Municipal and Traffic Courts and the Office of the District Attorney.
R.S. 33:9001 provides for the creation of the District for "the purpose of providing financing to the office of criminal sheriff" and further states that only certain specified provisions of the statutes pertaining to law enforcement districts apply to the District. R.S. 33:9010, which sets forth the power of a law enforcement district to borrow, is applicable to the District. R.S. 33:9010(C)(1) provides that "any district may borrow money and issue certificates of indebtedness or bonds, secured by the full faith and credit of the sheriff and/or district, for a term not to exceed thirty years, in order to acquire, construct, reconstruct, renovate, improve, replace, maintain, repair, extend, enlarge, lease, as lessee or lessor, purchase or equip suchimmovable or movable property which may be of use or benefit tothe district or to the applicable sheriff." (Emphasis added)
You advised that the operations of the Criminal Sheriff's Office have for the past 70 years primarily taken place as part of the criminal justice complex at Tulane and Broad Streets. That complex now covers an area of approximately 10 square blocks and includes eleven different Sheriff's facilities, the offices of the District Attorney, all the courts and administrative offices of the Criminal District Court, headquarters of the New Orleans Police Department, the Office of the Coroner, the Office of the Clerk of Criminal District Court, Municipal and Traffic Courts and their associated clerks, the police departments's new Crime Lab, and the Orleans Indigent Defender program.
You further advised that the Criminal Sheriff has, since the mid-1980's, in cooperation with the judges of Juvenile Court and in order to prevent inappropriate early release due to overcrowding in City juvenile facilities, become increasingly responsible for juvenile prisoners in detention or awaiting transfer to the Department of Corrections. The Criminal Sheriff also provides custody and maintains inmate records on adults in the jurisdiction of the Juvenile Court.
You also advised that in order to fulfill the Criminal Sheriff's responsibilities to provide care, custody and control of inmates held in his custody, serves as executive officer of the Criminal District Court, provides services to the Juvenile, Municipal, and Traffic Courts, and to protect the safety of the public, the Criminal Sheriff, his deputies and staff conduct a daily interaction with all the agencies in the Tulane and Broad complex and the Juvenile Court facility. You further advised that the Criminal Sheriff's responsibility to provide security for the Criminal District Court, maintain the records of inmates in his custody, and carry out the lawful orders of the Court is greatly facilitated by the physical proximity of the District Attorney's Office and the Criminal Courts to his own facilities for housing inmates and maintaining the records of those in custody. The physical connection of the Criminal Courts Building and the Municipal and Traffic Courts Building to Parish Prison means that inmates can be moved to and from court without passing through public areas, enhancing the public safety and security. The efficient operation of all these facilities is essential to the Courts' and District Attorney's ability to process their large caseloads which directly affects the number of inmates which must be held by the Criminal Sheriff.
We were unable to find a specific definition of the phrase"of use or benefit". However, one can have the "use or benefit" of property without owning the property, examples of which are lessees and usufructuaries. Furthermore, R.S. 33:9010(C) contemplates that bond proceeds will be used on property not owned by the District inasmuch as it allows the District to use the proceeds of the bonds as a lessee. If the legislature had desired to limit a district such that it could only issue bonds for property owned or to be owned by the district, it could have so provided. See R.S. 33:1422 which allows a sheriff to "purchase and equip" real property from monies in the salary fund.
Based upon the foregoing information, it is the opinion of this office that buildings owned by the City of New Orleans and used to house (i) the Criminal Courts; (ii) the Juvenile Courts; (iii) the District Attorney; and (iv) the Municipal and Traffic Courts, may be deemed to "be of use or benefit" to the Orleans Sheriff and/or the Orleans Law Enforcement District. Accordingly, if the Sheriff and the City, as owner, agree, the proceeds of general obligation bonds of the District which have been approved by the voters pursuant to the applicable constitutional and statutory provisions, may be used to acquire, construct, reconstruct, renovate, improve, replace, maintain, repair, extend, enlarge, lease, as lessee or lessor, purchase or equip, those buildings which are "of use or benefit" to the Sheriff or the District. As the two entities involved in the proposed transaction are public bodies, and are authorized by R.S. 33:1321, et seq. to enter an intergovernmental agreement, we pretermit any discussion of Article VII, Section 14 of the Louisiana Constitution.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH